Battle, J.
 

 It is unnecessary for us to decide whether the notice served upon the defendant, as a warning for his son to work on the road, was sufficient or not, as we are satisfied that the son was not liable to work on the road at all at the time when the notice was given.
 

 The transaction occurred in October, 1855, before the Eev. Code went into operation, and must, therefore, be governed by the act of 1844, ch. 36, entitled
 
 “
 
 An act to consolidate and amend the acts heretofore passed on the subject of common schools. ” By the 31 section of that act, it is declared “ that the teachers and pupils of any common school, shall be exempt from performing military duty, working on the road, or serv
 
 *476
 
 ing as jurors, whether engaged in teaching in said schools, or attending them as scholars.” — By the terms,
 
 “
 
 attending them,” (the common schools,) “as scholars,” we clearly understand the Legislature to mean, whilst attending during the time for which the teacher shall be employed, as provided in the 13th section, without any regard to a recess, during the term, of a day, or even a week. The exemption, made in favor of teachers and scholars, from the performance of such necessary and important public duties, as military duty, working on the roads, and serving on juries, was manifestly intended to encourage the keeping and attending the common schools. It could hardly be deemed to be within the spirit of such encouragement, to force the teacher off to a militia muster, or one of the scholars to work on the road, during a holiday given perhaps for rest, or necessary recreation. In the present case, the defendant might, perhaps, put his defense upon another, but narrower ground, to wit, that at the time when he received the notice, his son was, in the strictest sense, attending the school, so that the notice then was of no effect; but we prefer to place it upon the broad ground, that the exemption extends through the whole session of the school, without regard to a holiday, or temporary recess.
 

 The judgment given for the plaintiff on the case agreed, must be reversed, and a judgment of nonsuit must be entered.
 

 , Pub CuRiAM. Judgment reversed.